**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**ROSA CAROLINA BERMUDEZ MORENO,**

    **Plaintiff,**

**v.**                                                     **No. 21-cv-0995 JB/SMV**

**U.S. DEPARTMENT OF COMMERCE and**
**GINA M. RAIMONDO,**

    **Defendants.**

## ORDER SETTING ASIDE DEFAULT
## AND DENYING DEFAULT JUDGMENT

THIS MATTER is before me on Plaintiff's Motion for Entry Default Final Judgement [sic] [Doc. 9], filed on March 14, 2022. The case was referred to me on August 25, 2022, by the presiding judge, the Honorable James O. Browning, United States District Judge, for recommendation of an ultimate disposition of the case. [Doc. 12]. The Motion should be denied, and the Default, [Doc. 10], should be set aside because Defendants have not been adequately served. *See* Fed. R. Civ. P. 4(i). But Plaintiff should be granted additional time to adequately serve Defendants.

Plaintiff alleges that she suffered religious discrimination in her job as a census worker. [Doc. 1]. Plaintiff paid the filing fee and proceeds pro se. She attempted to serve Defendants, but the two Proofs of Service show that service was not adequate. *See* [Docs. 7, 8]. Both Proofs of Service were signed by and individual named Felipe Moreno, who checked the box indicating that he had personally served Defendant Raimundo, the United States Secretary of Commerce herself. [Docs. 7, 8]. Each Proof of Service also contains one unique tracking number from the United

States Postal Service, implying that service was actually attempted by U.S. mail. *Id.* However, there is no indication of what two addresses were used.

To properly effect service, Plaintiff must serve the summons and complaint by registered or certified mail to all of the following:

(1) the civil-process clerk at the United States attorney's office for the District of New Mexico;

(2) the Attorney General of the United States at Washington, D.C.;

(3) Defendant Department of Commerce; and

(4) Defendant Raimundo at the Department of Commerce.

Fed. R. Civ. P. 4(i); *see Constein v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010). The record fails to show that Plaintiff has adequately served Defendants pursuant to Rule 4(i) of the Federal Rules of Civil Procedure. However, she should be granted an additional 60 days to do so.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the Clerk's Entry of Default [Doc. 10] is **SET ASIDE**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Entry Default Final Judgement [sic] [Doc. 9] is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to effect service as required by Rule 4(i) by **November 7, 2022**.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**