IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROSA CAROLINA BERMUDEZ MORENO,

    Plaintiff,

vs.                                                                         No. 2:21-cv-0995 JB/DLM

U.S. DEPARTMENT OF COMMERCE, GINA M.
RAIMONDO, Secretary Department of Commerce,

    Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on Plaintiff Rosa Carolina Bermudez Moreno's January 18, 2023 Request for Default (Doc. 25), her January 18, 2023 Motion for Default Judgement (Doc. 28), and her July 17, 2023 Motion for Summary Default Judgement (Doc. 39). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure, the Honorable James O. Browning, United States District Judge for the District of New Mexico, referred this matter to the undersigned for a recommended disposition. (Doc. 37.)

Based on the Court's review of the record, applicable law, and for the reasons explained below, I recommend that then Court deny Moreno's request and motions.

**I.    Procedural History**

Moreno initiated her pro se case on October 14, 2021, pursuant to 42 U.S.C. § 1983, using the preprinted form supplied by this district's Clerk of the Court. (Doc. 1.) In her Complaint Moreno asserts that she suffered religious discrimination while working for the Census Bureau. (*Id.* at 3–4.) In the caption and body of the Complaint, Moreno names the United States Department of Commerce and Secretary of the Department of Commerce Gina M. Raimondo. (*Id.* at 1.) On March 14, 2022, Moreno filed a Motion for Entry of Default. (Doc. 9.) The Clerk of the Court, on March 16, 2022, filed the Clerk's Entry of Default. (Doc. 10.) Subsequently, United States

1

Magistrate Judge Stephan M. Vidmar set aside the Clerk's Entry of Default and denied without prejudice the March 14, 2022 Motion for Default. (Doc. 13.) Judge Vidmar found that Moreno failed to adequately serve the Defendants pursuant to Rule 4(i) of the Federal Rules of Civil Procedure. (*Id.* at 2.)

On November 3, 2022, the United States Attorney for the District of New Mexico entered its appearance on behalf of the named Defendants. (Doc. 15.) On November 14, 2022, Moreno filed four proofs of service indicating that the Complaint had been served via certified mail on Raimondo and the Department of Commerce on October 21, 2022, (Docs. 16; 17); on the Civil Process Clerk for the United States Attorney for the District of New Mexico on October 18, 2022 (Doc. 18); and on the United States Attorney General on October 24, 2022 (Doc 19). On December 14, 2022, Secretary Raimondo filed an answer. (Doc. 20.)

Chief United States Magistrate Judge Gregory Wormuth issued an Order to Show Cause on January 10, 2023, ordering Moreno to show cause why the Court should not dismiss her suit against the Department of Commerce for failure to prosecute. (Doc. 22.) Moreno filed her response to the Order to Show Cause on January 18, 2023, informing the Court that she was allowing Defendants until the end of January to file a responsive pleading. (Doc. 24.)[1] On the same day Moreno also filed a Request for Default, a Motion for Default Judgment, and a Supporting Affidavit. (Docs. 25–26; 28.) Additionally, Moreno filed a "Response to the Civil Clerk of U.S. Attorney District of New Mexico's Answer to Plaintiff's Complaint," asking that the Court either

---

[1] For the first time in the caption of Plaintiff's Response to the Court's Order to Show Cause, Moreno lists as additional Defendants the "U.S. Attorney General at DC [and] Civil Clerk of the U.S. Attorney of NM." (Doc. 24.) The Court presumes this was in response to the directive in the Order Setting Aside Default and Denying Default Judgment Plaintiff, which advised Moreno to comply with Rule 4(i) of the Federal Rules of Civil Procedure and properly effectuate service by serving the United States Attorney General and the United States Attorney for the District of New Mexico. (*See* Doc. 13 at 2.)

remove "the Civil Clerk of U.S. Attorney District of New Mexico [] as a Defendant . . . [or the] court [sic.] order[] [the Civil Clerk] to [] investigate the case . . . ." (Doc. 27 at 1.)

On January 19, 2023, Defendants filed a Motion to Dismiss All Claims Asserted Against the United States Department of Commerce. (Doc. 29.) Defendants argued that Secretary Raimondo as the head of the agency or department is the proper defendant, and not the Department of Commerce. (*Id.* at 3.) Three days later Defendants filed a notice informing the Court of Moreno's non-opposition to the dismissal of the Department of Commerce. (Doc. 31.) As a result, the Court entered an Order of Dismissal on January 30, 2023, dismissing the United States Department of Commerce and "leaving Gina M. Raimondo, Secretary, Department of Commerce, as the sole defendant." (Doc. 32.) On February 1, 2023, Raimondo filed her Response to Plaintiff's Motion for Default as it relates to her. (Doc. 34.) Moreno did not file a reply within 14 days under D.N.M. LR-Civ. 7.4(a), nor has any party filed a notice of completion of briefing in accordance with D.N.M. LR-Civ. 7.4(e).[2] Instead, Moreno filed yet another Motion for Summary Default Judgement on July 17, 2023, which is now fully briefed. (*See* Docs. 39–42.)

**II.    Applicable Legal Standard**

A defendant generally has 21 days after proper service in which to answer a complaint. Fed. R. Civ. R. 12(a)(1). This time frame is extended to 60 days when the United States, any of its agencies, or its employees sued in their official capacity. Fed. R. Civ. R. 12(a)(2).

Federal Rule of Civil Procedure 55 outlines a two-step process to obtain a default judgment. Initially, the clerk of the court must enter default if a party has failed to plead or defend the suit. Fed. R. Civ. P. 55(a). Next, if the party's claim is for a sum certain or an amount that can be

---

[2] Over 100 days have elapsed since Raimondo filed her response to Plaintiff's Motion for Default the Court. Plaintiff's failure to file a reply within 14 days of Secretary Raimondo's Response constitutes consent that briefing on the motion is complete. *See* D.N.M. LR-Civ. 7(b).

3

calculated with certainty, a party can request the clerk enter default judgment. Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). However, when a party moves for default judgment after the opposing party has made an appearance, the Court—not the clerk—determines whether "good cause" exists warranting an entry of default under Rule 55(c). *See Cadigan & Park, P.C. v. Abbasid, Inc.*, No. CIV 10-649, 2010 WL 11527154, at *2 (D.N.M. Aug. 30, 2010).

And while the Federal Rules of Civil Procedure allow for taking a default judgment against a party, "[d]efault judgments are not favored by courts." *Harvey v. United States*, 685 F.3d 939, 946 (10th Cir. 2012) (quoting *Katzon Bros., Inc. v. U.S. E.P.A.*, 839 F.2d 1396, 1399 (10th Cir. 1988)). Indeed, noting that default judgments are harsh sanctions, this Court has denied motions for default judgment in instances where a party entered its appearance after the motion for default judgment was filed. *See Noland v. City of Albuquerque*, No. CIV 08-0056, 2009 WL 2424591, at * 1 (D.N.M. June 18, 2009). Default judgments against the United States are particularly disfavored. *See* Fed. R. Civ. P. 55(d) (explaining that "[a] default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court"); *Stewart v. Astrue*, 552 F.3d 26, 28 (1st Cir. 2009) ("The disfavor in which [default] judgments are held is especially strong in situations where . . . the defendant is the government.") (citations omitted).

### III.    Analysis

#### A.    Default judgment is not appropriate against Raimondo.

Moreno asks the Court to enter default judgment against Raimondo—the only remaining defendant—despite the fact that Raimondo timely filed her answer and the clerk of the court has not entered default. (*See* Doc. 20.) Thus, the Court must determine whether both the entry of

default and the default judgment are warranted. *See Cadigan & Park, P.C.*, 2010 WL 11527154, at *2. For the reasons outlined below neither the entry of default nor default judgment are warranted, and I recommend that Moreno's motions be denied as to Raimondo.

In both her Request for Default and Motion for Default (Docs. 25; 28), Moreno argues that "Raimondo . . . did not file an answer or responsive pleading by the deadline this Court gave [Raimondo] of December 20, 2022." (Docs. 25 ¶ (a); 28 ¶ 4.) Raimondo's counsel asserts that counsel not only entered an appearance on November 3, 2022,[3] but timely filed an answer, negating any grounds for entry of a default judgment. (Docs. 34 at 2; 41 at 2.) Raimondo is correct.

Raimondo was served with the complaint through the United States Attorney's Office, District of New Mexico on October 18, 2022. (Doc. 18 at 3.) And while a defendant generally has 21 days after proper service in which to answer a complaint, *see* Fed. R. Civ. R. 12(a)(1), this time frame is extended to 60 days when the United States, any of its agencies, or its employees are sued in their official capacity, *see* Fed. R. Civ. R. 12(a)(2). Accordingly, based on the date of service, Raimondo had until December 20, 2023, to file a responsive pleading. Indeed, the record is clear that Assistant United States Attorney Maria S. Dudley entered her appearance on behalf of the named Defendants on November 3, 2023. (Doc. 15.) Thereafter, Raimondo filed an answer on December 14, 2022. (Doc. 20), which makes the answer timely.

The Court finds the reasoning in *Noland* instructive. There, because the defendant "entered an appearance three days after [the plaintiff] filed his motion for default[,]" the court could not "reasonably say that the [defendant was] an essentially unresponsive party, that the adversary process ha[d] been halted, or that [the plaintiff] face[d] interminable delay because of the

---

[3] On April 14, 2023, Assistant United States Attorney Samantha A. Kelly also entered her appearance on behalf of Raimondo. (Doc. 38.)

[defendant's] actions." 2009 WL 2424591, at * 1 Consequently, the court denied the motion for default judgment. *See id.*

Although procedurally this matter is slightly different than the circumstances in *Noland*, the reasoning in that case applies here. Raimondo filed her answer within the requirements of Rule 12(a)(2). Thus, Moreno cannot reasonably argue that Raimondo "is an essentially unresponsive party, that the adversary process has been halted, or that [Moreno] faces interminable delay because of [Raimondo's] actions." *See id.*

To be sure, despite Moreno's assertion that Raimondo has yet to file an answer or other responsive pleading (Doc. 28), the record establishes that she has interacted with Raimondo's counsel on several substantive issues in this case. On January 23, 2023, counsel for Raimondo filed a Notice informing the Court that Moreno did not oppose the dismissal of the United States Department of Commerce. (Doc. 31.) The Notice attached as an exhibit an email from Moreno who wrote "I now understand that you represent both Ms. Raimondo and the Dept [sic] of Commerce, therefore, I am assuming you will continue the case for her . . . ." (Doc. 31-1.) Additionally, on July 17, 2023, Moreno filed and served Raimondo's counsel with a "Motion for Summary Default Judgment" (Doc. 39) and a "Memorandum in Support of Her Motion for Summary Default Judgment" (Doc. 40). Clearly Moreno understands that Raimondo's counsel is actively defending this case.

Raimondo's timely answer and Moreno's interactions with opposing counsel prevents Moreno from establishing the required "good cause" under Rule 55(c) to warrant entry of default and default judgment in favor of Plaintiff.

**B.     Default judgment is not appropriate against the Department of Commerce**

To the extent Moreno seeks default judgment against the Department of Commerce, the

Court should deny the motion, as the Court has already dismissed the Department of Commerce from this lawsuit. (*See* Doc. 32.)

### C. Default judgment is not possible against the Attorney General or the U.S. Attorney.

In her most recent motion, Moreno seeks default judgment against "the U.S. Attorney General at DC[] and the Civil Clerk of the U.S. Attorney District of NM . . . ." (Doc. 40 at 1.) As Raimando points out, Moreno served these two entities as required by Federal Rule of Civil Procedure 4(i) because she named the United States Department of Commerce as a party, not because they are parties themselves. (*See* Doc. 41 at 3.) Rule 4(i) provides:

> (i) Serving the United States and Its Agencies, Corporations, Officers, or Employees.
>
> (1) United States. To serve the United States, a party must:
>
> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i).

As neither of these entities are proper defendants, default judgment is inappropriate. The undersigned recommends denying the motion as to the "Attorney General at DC" and the "Civil Clerk of the U.S. Attorney District of NM."

### IV.   Conclusion

For the foregoing reasons, the Court **RECOMMENDS** that Moreno's Request for Default

7

(Doc. 25), Motion for Default Judgement (Doc. 28), and Motion for Summary Default Judgement (Doc. 39) be **DENIED.**

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE