IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROSA CAROLINA BERMUDEZ MORENO,

    Plaintiff,

vs.                                                                                                      No. CIV 21-0995 JB/DLM

U.S. DEPARTMENT OF COMMERCE and
GINA M. RAIMONDO, Secretary Department
of Commerce,

    Defendants.

**MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE
JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court on: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed August 11, 2023 (Doc. 43)("PFRD"); and (ii) Plaintiff's Opposition to Proposed Findings and Recommended Disposition, filed August 25, 2023 (Doc. 44)("Objections"). In the PFRD, the Honorable Damian L. Martínez, United States Magistrate Judge for the United States District Court for the District of New Mexico, recommends denying Plaintiff Rosa Carolina Bermudez Moreno's request and motions for default judgment. See Plaintiff's Request for Default, filed January 18, 2023 (Doc. 25)("Request for Default"); Plaintiff's Motion for Default Judgement [sic], filed January 18, 2023 (Doc. 28)("Default Judgment Motion"); Plaintiff's Motion for Summary Default Judgement [sic], filed July 17, 2023 (Doc. 39)("Summary Default Judgment Motion"). Based on the Court's de novo determination of the issues Moreno raises in her Objections and after reviewing de novo the relevant law, the Court will: (i) overrule Moreno's Objections; (ii) adopt the PFRD; (iii) deny the Request for Default; (iv) deny the Default Judgment Motion; and (v) deny the Summary Default Judgment Motion.

**LAW REGARDING OBJECTIONS TO PROPOSED**
**FINDINGS AND RECOMMENDATIONS**

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition. See Fed. R. Civ. P. 72(b)(1)("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement."). Rule 72(b)(2) governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Finally, when resolving objections to a Magistrate Judge's proposal, "[t]he district judge must determine de novo any part of the Magistrate Judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate [judge]'s report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute." United States v. One Parcel of Real Prop., with Bldgs, Appurtenances, Improvements, & Contents, Known as: 2121 East 30th Street, Tulsa Okla., 73 F.3d 1057, 1059 (10th Cir. 1996) ("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)). As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's

Act[, 28 U.S.C. § 636 et seq.], including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986)).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73 F.3d at 1059 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir.1991)). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act." One Parcel, 73 F.3d at 1060. In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007).[1]

---

[1]Pevehouse v. Scibana is an unpublished Tenth Circuit opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . [a]nd we have generally determined that citation to unpublished opinions is not favored.

The Tenth Circuit has also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate [judge']s order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")). In One Parcel, the Tenth Circuit notes that the district judge decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because such actions would advance the interests underlying the waiver rule. See 73 F.3d at 1060-61 (citing cases from other Courts of Appeals where district courts elected to address merits despite potential application of waiver rule, but Courts of Appeals opted to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's PFRD "on . . . dispositive motions, the statute calls for a de novo determination, not a de novo hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980)("Raddatz"). The Tenth Circuit has stated that a de novo determination, pursuant to 28 U.S.C. § 636(b), "requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation." In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995). The Supreme Court of the United States has noted that, although a district court must make a de novo determination of the objections to recommendations under 28 U.S.C. § 636(b)(1), the district court is not precluded from relying on

---

> However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that Pevehouse v. Scibana has persuasive value with respect to a material issue and will assist the Court in its disposition of this Order.

the Magistrate Judge's proposed findings and recommendations. See Raddatz, 447 U.S. at 676 ("[I]n providing for a 'de novo determination' rather than de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate [judge]'s proposed findings and recommendations.")(quoting 28 U.S.C. § 636(b)(1)). See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., Okla., 8 F.3d 722, 724-25 (10th Cir. 1993)(holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with a de novo determination, because "the district court 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.'" (quoting 28 U.S.C. § 636(b)(1))(emphasis omitted)).

## **ANALYSIS**

At issue are Moreno's Request for Default, Default Judgment Motion, and Summary Default Judgment Motion. Judge Martínez reviewed the record and controlling law, and recommends denying the request and motions. See PFRD at 1. Specifically, Judge Martínez found that default judgment is not warranted as to Defendant Gina M. Raimondo because she timely filed her answer within sixty days of being served properly pursuant to rule 12(a)(2) of the Federal Rules of Civil Procedure. See PFRD at 5 (citing Defendant's Answer to Plaintiff's Complaint, filed December 14, 2022 (Doc. 20)). He further found that default judgment is not appropriate against Defendant Department of Commerce, which the Court already dismissed, see PFRD at 6-7 (citing Order of Dismissal, filed January 30, 2023 (Doc. 32)); or against the Attorney General of the United States at Washington, D.C. and the civil-process clerk at the United States Attorney's office for the District of New Mexico, entities that Moreno was required to serve under rule 4(i) but which are not parties to this lawsuit. See PFRD at 7.

Moreno objects only to the PFRD as it relates to Raimondo.  See Objections ¶ 2, at 1.  She first asserts that she never received Raimondo's Notice of Appearance, filed on November 3, 2022 (Doc. 15)("Notice of Appearance").  See Objections ¶ 3, at 1.  The Certificate of Service accompanying the Notice of Appearance reflects, however, that Raimondo served the Notice on Moreno via her address of record.  See Notice of Appearance at 2.  Even if she did not receive the Notice, it is Moreno's responsibility to monitor her lawsuit.  She may do so by visiting the free public-access terminals located in the Clerk's Office in the district court's Albuquerque, Las Cruces, and Santa Fe locations, or she may register for a PACER account to access case information electronically.  See Guide for Pro Se Litigants at 11, https://www.nmd.uscourts.gov/sites/nmd/files/ProSePackage.pdf (last updated Oct. 2022).  She also may wish to register for Electronic Filing so that she may file documents electronically and receive electronic notice of all documents filed in her lawsuit.  See Guide for Pro Se Litigants at 13.

Similarly, Moreno asserts that, until she received a January 22, 2023, email from Raimondo's attorney, Moreno was unaware that the same attorney represented both Raimondo and the Department of Commerce.  See Objections ¶ 5, at 1 (citing Email from Carolina Bermudez Moreno (dated January 22, 2023), filed January 23, 2023 (Doc. 31-1)("I now understand you represent both Ms. Raimondo and the [Department] of Commerce . . . .")).  Whether Moreno knew that Raimondo and the Department of Commerce shared an attorney makes no difference to the Court's analysis of her motions for default judgment.  Moreno next contends that default judgment is proper as "[t]his Court on [Order Setting Aside Default and Denying Default Judgment, filed September 2, 2022 (Doc. 13)("Order Setting Aside DJ")] ordered plaintiff to take action on Defaulted Raimondo."  Objections ¶ 7, at 1.  She also points to the Clerk's Entry of Default, filed

March 16, 2022 (Doc. 10).  See Objections ¶ 7, at 1.  The Court briefly will review the lawsuit's procedural history.

Moreno filed her Complaint on October 14, 2021.  See Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed October 14, 2021 (Doc. 1).  She attempted to serve the Defendants by United States mail in December, 2021.  On March 14, 2022, Moreno moved for default judgment, see Motion for Entry of Default Final Judgement [sic], filed March 14, 2022 (Doc. 9), and the Clerk filed an Entry of Default on March 16, 2022, see Clerk's Entry of Default, filed March 16, 2022 (Doc. 10).  On September 2, 2022, the Honorable Stephan Vidmar, United States Magistrate Judge for the United States District Court for the District of New Mexico, entered the Order Setting Aside DJ.  He explained that Moreno's first attempt at "service was not adequate."  Order Setting Aside DJ at 1.  Judge Vidmar then outlined the proper procedure to serve the Defendants under rule 4(i).  Order Setting Aside DJ at 2.

On October 21, 2022, Moreno properly served Raimondo, see Summons in a Civil Action, filed November 14, 2022 (Doc. 16), and the Department of Commerce, see Summons in a Civil Action, filed November 14, 2022 (Doc. 17).  Pursuant to rule 4(i), she also served process on the Attorney General, see Summons in a Civil Action, filed November 14, 2022 (Doc. 18), and the civil-process clerk at the United States Attorney's office for the District of New Mexico, see Summons in a Civil Action, filed November 14, 2022 (Doc. 19); see Fed. R. Civ. P. 4(i).  Pursuant to rule 12, Raimondo and the Department of Commerce had sixty days from October 21, 2022, or through December 20, 2022, to answer the Complaint.  See Fed. R. Civ. P. 12(a)(2).  Thus, Raimondo's December 14, 2022 Answer was timely under the Rules.

It is true that the Clerk previously entered default on March 16, 2022.  See Clerk's Entry of Default, filed March 16, 2022 (Doc. 10).  Moreno misunderstands the Court's Order following

the Clerk's entry, however, and asserts that the "Court acknowledged Raimondo Defaulted . . . ." Objections ¶ 8, at 2. Moreno is mistaken. The Court set aside the Clerk's Entry of Default, because Moreno failed to properly serve the Defendants. See Order Setting Aside DJ. Thus, the Clerk's Entry of Default was void. See Sawyer v. USAA Ins. Co., 839 F. Supp. 2d 1189, 1219 (D.N.M. 2012)(Browning, J.)(concluding that "where a plaintiff has failed to properly serve a defendant, the court lacks personal jurisdiction, and a judgment is void")(citing Hukill v. Okla. Native Am. Domestic Violence Coal., 542 F.3d 794, 801 (10th Cir. 2008)("Because the service in the case . . . did not substantially comply with [state] law . . . , the district court did not have personal jurisdiction [and thus] erred in denying defendants' motion to set aside the default judgment under Fed. R. Civ. P. 60(b)(4)." (alterations in original))).

In sum, the Court has reviewed carefully the PFRD and the docket in this case, and has determined that the PFRD is not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. Having considered Moreno's objections de novo, the Court concludes that there is no reason to say that Raimondo "has failed to plead or otherwise defend . . . ." Fed. R. Civ. P. 55(a). Accordingly, the Court denies Moreno's request and motions for default judgment.

**IT IS ORDERED** that: (i) the Plaintiff's Opposition to Proposed Findings and Recommended Disposition, filed August 25, 2023 (Doc. 44), is overruled; (ii) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed August 11, 2023 (Doc. 43), is adopted; (iii) the Plaintiff's Request for Default, filed January 18, 2023 (Doc. 25), is denied; (iv) the Plaintiff's Motion for Default Judgement [sic], filed January 18, 2023 (Doc. 28), is denied; and (v) the Plaintiff's Motion for Summary Default Judgement [sic], filed July 17, 2023 (Doc. 39), is denied.

/s/ James O. Browning
_____
UNITED STATES DISTRICT JUDGE

*Counsel and Parties:*

Rosa Carolina Bermudez Moreno
Alamogordo, New Mexico

    *Plaintiff*

Samantha E. Kelly
Albuquerque, New Mexico

-- and --

Alexander M. M. Uballez
  United States Attorney
Maria S. Dudley
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for Defendant Gina M. Raimondo*