IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROSA CAROLINA BERMUDEZ MORENO,

    Plaintiff,

v.                                                                                  No. 21-cv-0995 JB/DLM

GINA M. RAIMONDO, SECRETARY,
DEPARTMENT OF COMMERCE,

    Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**[1]

THIS MATTER is before the Court on Plaintiff Rosa Carolina Bermudez Moreno's Motion for Leave to File Amend[ed] Complaint. (Doc. 54.) Moreno seeks to add factual allegations, claims, and requested relief. For the reasons discussed herein, I recommend granting in part the motion.

**I.  Factual Background and Procedural History**

In her original Complaint, Moreno, who is proceeding pro se, alleged the following. Moreno worked as an enumerator for the Las Cruces Census Office. (Doc. 1 at 2.) Moreno is Jewish and informed her employer "of [her] religious observances in advance." (*Id.*) "During the period of onboarding[,]" her employer asked her to provide a doctor's "note as proof that [she] wore a head covering . . . ." (*Id.*) If she did not provide the note, she alleges that she would have to remove the head covering "or not work . . . ." (*See id.*)

Moreno asserts that after she was hired, her Census Field Supervisor, Ann Shanklin, "consistently contacted [her] to work on the Sabbath and on the High Feast of Shavuot even when

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure, United States District Judge James O. Browning referred this case to the undersigned "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." (Doc. 37.)

[she] asked not to be contacted on these religious observances and had marked [herself] unavailable." (*Id.* at 3, 5.) Moreno alleges that Shanklin accused her of "cheating the system" and delayed giving her supplies she needed to work. (*Id.* at 3.) She also asserts that Shanklin directed her to travel on the Sabbath and mocked her in a voicemail. (*Id.*) Moreno asserts that her Lead Census Field Manager, Teresa Mclain, also treated her disrespectfully. (*Id.* at 4–5.)

Moreno complained to the leadership in her office. (*Id.* at 2.) She requested contact information for the regional office in Dallas, Texas, but Census Field Manager Matthew Cyr and Area Census Office Manager Craig Buckingham did not provide the information. (*Id.* at 4–5.) Instead, Moreno was told "not to reach out to Dallas unless and until [she told] them what [she] was going to say." (*Id.* at 2, 4.) Moreno alleges that opportunities were taken away from her, and her assignments "dropped from 11 to 2." (*Id.* at 2.) She felt "forced to resign . . . ." (*Id.*) After she resigned, "they continued to call [her] on the Sabbath asking [her] to return." (*Id.*) She was also "denied access to a copy of [her] resignation letter and SF-8 form." (*Id.* at 4.)

Moreno originally listed three claims: (1) discrimination based on her religion; (2) harassment based on her religion; and (3) retaliation. (*Id.* at 3–4.) She named two defendants: the United States Department of Commerce and Gina Raimondo, Secretary of Commerce. (*See id.* at 1.) Moreno described seven ways in which she previously sought administrative relief. (*Id.* at 5.) She also described her requested relief, which included a monetary award of $150,000 and a request that "management shouldn't be allowed to retaliate for complaining." (*See id.*)

On January 30, 2023, the Court granted Defendants' unopposed motion to dismiss the United States Department of Commerce as a party. (Doc. 32.) On December 11, 2023, Moreno moved to amend her complaint. (Doc. 54.) She proposes to make the following additions to her First Amended Complaint:

(1) **Section A**: Moreno proposes removing the United States Department of Commerce as a party and adding the following in her description of Raimondo (additions are italicized):

> Defendant *U.S. Department of Commerce,* Gina M. Raimondo, Secretary *of Commerce* is a citizen of unknown *City, State*, and is employed as Secretary *of the* Department of Commerce. At the time the claim(s) alleged in this complaint arose, [the Defendant was acting under color of state law]. *Defendant was acting as the U.S. Census Bureau, under the U.S. Department of commerce when Defendant discriminated against, harassed and retaliated against Plaintiff during and after Plaintiff's employment with Defendant.* . . .

(*Compare* Doc. 1 at 2, *with* Doc. Doc. 54 at 2.)

(2) **Section C**: Relevant here, Moreno proposes adding verbiage in Counts I–III identifying "some of the laws Defendant violated." (*See* Doc. 54 at 1.) Specifically, she proposes adding the following (additions are italicized):

> Count I: Discrimination based on Jewish Religion.
> *Defendant repeatedly violated Title VII of the Civil [R]ights Act of 1964, which protects against discrimination based on religion, as well as The New Mexico Human Rights Act NM Stat § 28-1-1 (2021), which prohibits discrimination in employment, housing, credit and public accommodation on the basis of race, color, national origin, ancestry, religion, sex, age, physical or mental handicap and serious medical condition. It also prohibits discrimination and discharge of an employee in retaliation because he or she filed a complaint.* . . .
>
> Count II: Harassment based on Jewish Religion both [i]n the workplace and even after I was forced to resign.
> *Defendant repeatedly violated New Mexico Harassment Statu[t]e § 30-3A-2 which provides that "A. Harassment consists of knowingly pursuing a pattern of conduct that intended to annoy, seriously alarm, or terrorize another person and that serves no lawful purpose. The conduct must be such that it would cause a reasonable person to suffer substantial emotional distress. B. Whoever commits harassment is guilty of a misdemeanor.*
> *Furthermore, this harassment was done because of Plaintiff being an observant Jew, this act of discrimination was based on religion . . . . Defendant also violated Title VII of the Civil Rights Act of 1964 . . . .*
>
> Count III: Retaliation for complaining of being harassed.
> *Defendant repeatedly violated The New Mexico Human Rights Act NM State § 28-1-1 (2021), which prohibits discrimination in employment, housing, credit and public accommodation on the basis of race, color, national origin, ancestry, religion, sex, age, physical or mental handicap and serious medical condition. It*

> *also prohibits discrimination and discharge of an employee in retaliation because he or she filed a complaint.*
>
> *Furthermore, this harassment was done because of Plaintiff being an observant Jew . . . . Defendant also violated Title VII of the Civil Rights Act of 1964 . . . .*

(*Compare* Doc. 1 at 3–4, *with* Doc. Doc. 54 at 3–4.)

(3) **Section D**: Moreno proposes adding clarifying information to the eight ways in which she sought administrative relief. (*See* Docs. 1 at 5; 54 at 1.) In her original complaint, Moreno listed the names of six individuals (Dysinger, Cyr, Shanklin, Mclain, Buckingam, and Anaya) and the EEO, and described now she sought relief from each. (*See* Doc. 1 at 5.) In her proposed amended complaint, she explains that she adds information regarding another employee (Lara), whom she inadvertently omitted from the original complaint but named as a witness in the Joint Status Report. (*See* Docs. 47 at 5; 54 at 1; 59 at 1.)

(4) **Section E**: Moreno originally sought six types of relief, one of which read: "management shouldn't be allowed to retaliate for complaining." (Doc. 1 at 5.) In her proposed amended complaint, she expands on this request and seeks: "a Checks and Balances type of system. It's suggested so that a supervisor is not empowered enough to retaliate against an employee who had complained without the entity/agency knowing it is going on, and, hopefully no more lawsuits are needed. Instead, a prompt solution should be found." (Doc. 54 at 5.)

(5) **Section E**: Moreno also seeks to increase monetary relief from $150,000 (*see* Doc. 1 at 5) to $1.5 million dollars (*see* Doc. 54 at 5).

**II.     Legal Standard**

A party may file an amended complaint once as a matter of course in limited circumstances. *See* Fed. R. Civ. P. 15(a)(1). Otherwise, a party may only amend its complaint with the "opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather

than on procedural niceties.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)). Courts are to "freely give leave when justice so requires[,]" Fed. R. Civ. P. 15(a)(2), unless there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . ." *Minter*, 451 F.3d at 1204 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (subsequent citations omitted). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999) (citation omitted).

### III.  Analysis

Moreno seeks to amend her complaint to add and/or clarify factual allegations, claims, and requests for relief. (*See* Doc. 54.) Raimondo generally objects to the amended complaint both on the basis of futility and because Moreno failed to obtain Raimondo's position on the motion before filing. (*See* Doc. 57 at 1 (citing D.N.M. LR-Civ. 7.1(a)).) The Court cautions Moreno that although she is proceeding pro se, she must read and follow the Federal Rules of Civil Procedure and the Local Rules of this Court. Under the Local Rules, Moreno is required to seek opposing counsel's position on any motion before filing. *See* D.N.M. LR-Civ. 7.1(a). The Court will not recommend denying the motion on this ground but expects Moreno to follow the applicable rules in the future.

### A.  The Court recommends denying the motion to the extent that Moreno seeks to add claims.

The Court begins with Raimondo's objection to the addition of new claims. (*See* Doc. 57 at 6.) Raimondo contends that Moreno "cannot bring discrimination claims against the federal government based on civil rights statutes and other state law" outside of Title VII. (*See id.*) Raimondo thus argues that the proposed claims brought under N.M. Stat. Ann. § 28-1-1 (for

5

discrimination under the New Mexico Human Rights Act) and § 30-3A-2 (for harassment) fail on the basis of futility, as they would be subject to dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). (*See* Doc. 57 at 6–7.) The Court agrees.

Supreme Court precedent makes clear that "Title VII is the exclusive remedy for [Moreno's] claims of discrimination and associated retaliatory conduct." *See Mobley v. Donahoe*, 498 F. App'x 793, 796 (10th Cir. 2012) (citing *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1976)) (holding that Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment."). Thus, in *Newton v. Department of Veterans Affairs*, Judge Browning found there was a jurisdictional bar to the plaintiff's discrimination claims brought against her federal employer under 42 U.S.C. §§ 1981 and 1983, as they were cognizable only under Title VII. *See* No. CIV 12-0163 JB-LAM, 2014 WL 1285494, at *12 (D.N.M. Mar. 26, 2014). The court dismissed the claims for lack of subject matter jurisdiction. *See id.* Similarly, in *Woodward v. Social Security Administration*, the court found that where the plaintiff sued his federal employer for discrimination, his related federal and state law claims were preempted by Title VII. *See* No. CV 16-775 JCH/KK, 2018 WL 3210513, at *3 (D.N.M. June 29, 2018), *R&R adopted*, 2018 WL 3639899 (D.N.M. July 31, 2018)

The same holds true here. It appears that Moreno seeks to assert claims against Raimondo under N.M. Stat. Ann. §§ 28-1-1 and 30-3A-2[2] in her proposed amended complaint. (Doc. 54 at 5.) The undersigned recommends denying the motion to amend on this issue on the basis that these

---

[2] Moreno's claim under N.M. Stat. Ann. § 30-3A-2 would also fail because it is a criminal statute and does not provide for a private right of action. *See Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (finding that "criminal statutes that do not provide for a private right of action" are "not enforceable through a civil action"; *Holmes v. Grant Cnty. Sheriff Dep't*, 347 F. Supp. 3d 815, 824 (D.N.M. 2018) (finding that § 30-3A-2 does not provide for a private right of action).

6

claims are subject to dismissal under Rule 12(b)(1). Moreno should be directed to submit an amended version of her first amended complaint that omits any reference to the state statutes.

**B.     The Court otherwise recommends granting the motion.**

The Court recommends allowing Moreno to amend her complaint to include her remaining proposed changes. First, in Section A, Moreno adds language to detail that Raimondo "was acting under color of state law" and "as the U.S. Census Bureau under the U.S. Department of Commerce . . . ." (Doc. 54 at 2.) Raimondo correctly asserts that Moreno may only name the Secretary of the agency as a defendant. (Doc. 57 at 6.) Moreno replies that it was her intent to make "clear that Ms. Raimondo is the only Defendant." (Doc. 59 at 1.) As Raimondo presents no other argument that would preclude Moreno from amending her complaint to include the proposed language, the Court recommends granting the motion to amend with respect to the proposed changes to Section A.

Next, in Section D, Moreno seeks to add information to clarify how she sought relief for the alleged discrimination. (*See* Doc. 54 at 5.) Raimondo does not offer any argument in opposition on this point. (*See* Doc. 57.) The Court recommends granting the motion to amend with respect to the proposed changes to Section D.

Finally, in Section E, Moreno seeks to expand on one type of relief relating to a "checks and balances" system and to increase her requested monetary relief from $150,000 to $1.5 million dollars. (*See* Doc. 54 at 5.) Raimondo offers no argument regarding the "checks and balances" system. (*See* Doc. 57.) With respect to the requested monetary relief, Raimondo asserts that Moreno "cannot recover an amount greater than the statutory cap provided by Ti[t]le VII."[3] (*Id.* at

---

[3] Moreno states that she "contacted This Court in multiple occasions regarding the amount of the reward and [she] was told there was no limit." (Doc. 59 at 2.) The Court may not act as counsel for a pro se litigant. Regardless, Raimondo is correct that 42 U.S.C. § 1981a provides for a statutory cap on awards in Title VII actions.

7

8 (citing 42 U.S.C. § 1981a(b)(3)).) Raimondo does not, however, cite authority that supports denying a motion to amend on the basis that the amended complaint seeks monetary relief in an amount beyond the statutory cap.[4] (*See id.*) Indeed, were this a jury case, the Court would likely be precluded from taking up the issue at this juncture. *See, e.g.*, 42 U.S.C. § 1981a(c)(2) (providing that "the court shall not inform the jury of the limitations described in subsection (b)(3)"); *Jense v. Runyon*, 990 F. Supp. 1320, 1324–25 (D. Utah 1998) (finding that the "application of the [statutory] limit is premature unless and until a jury recommends an award in excess of the limit"; *Warren v. Cnty. Comm's of Lawrence Cnty., Ala.*, 826 F. Supp. 2d 1299, 1306 (N.D. Ala. 2011) (finding "that the cap is for the Court, not the jury, to apply; the statute expressly forbids the Court from informing the jury of the statutory limitations on recovery before deliberations") (citing 42 U.S.C. § 1981a(c)(2)). As there is no jury demand in this case, the statutory provision is inapplicable. The Court can, however, take up the statutory cap at a later date. Consequently, the Court recommends granting the motion to amend and allowing the proposed amendments to Section E.

## IV. Conclusion

The Court agrees that Moreno's motion to amend should be denied to the extent that she seeks to add claims, as Title VII provides the exclusive remedy for this lawsuit. The Court finds Moreno's remaining proposed changes should be allowed.

The Court recommends granting in part the motion and requiring Moreno to file, within 14 days of the court's order on this PFRD, a new version of the First Amended Complaint that retains all proposed amendments with the exception of any language added to Section C that references

---

[4] Nor do the parties discuss punitive damages. The Court notes, however, that "Title VII explicitly prohibits recovery of punitive damages from the government." *See Sessions v. New Mexico*, No. 20-cv-606 MV/KRS, 2022 WL 14812844, at *3 (D.N.M. Oct. 26, 2022) (quotation omitted).

state statutes. In other words, the Court recommends requiring Moreno to delete the verbiage that is stricken out below:

> Count I: Discrimination based on Jewish Religion.
> *Defendant repeatedly violated Title VII of the Civil [R]ights Act of 1964, which protects against discrimination based on religion~~, as well as The New Mexico Human Rights Act NM Stat § 28-1-1 (2021), which prohibits discrimination in employment, housing, credit and public accommodation on the basis of race, color, national origin, ancestry, religion, sex, age, physical or mental handicap and serious medical condition. It also prohibits discrimination and discharge of an employee in retaliation because he or she filed a complaint~~. . . .*
>
> Count II: Harassment based on Jewish Religion both [i]n the workplace and even after I was forced to resign.
> ~~*Defendant repeatedly violated New Mexico Harassment Statu[t]e § 30-3A-2 which provides that "A. Harassment consists of knowingly pursuing a pattern of conduct that intended to annoy, seriously alarm, or terrorize another person and that serves no lawful purpose. The conduct must be such that it would cause a reasonable person to suffer substantial emotional distress. B. Whoever commits harassment is guilty of a misdemeanor.*~~
> *Furthermore, this harassment was done because of Plaintiff being an observant Jew, this act of discrimination was based on religion . . . . Defendant also violated Title VII of the Civil Rights Act of 1964 . . . .*
>
> Count III: Retaliation for complaining of being harassed.
> ~~*Defendant repeatedly violated The New Mexico Human Rights Act NM State § 28-1-1 (2021), which prohibits discrimination in employment, housing, credit and public accommodation on the basis of race, color, national origin, ancestry, religion, sex, age, physical or mental handicap and serious medical condition. It also prohibits discrimination and discharge of an employee in retaliation because he or she filed a complaint.*~~
> *Furthermore, this harassment was done because of Plaintiff being an observant Jew . . . . Defendant also violated Title VII of the Civil Rights Act of 1964 . . . .*

Finally, the Court recommends imposing a 14-day deadline for Raimondo to file an answer after Moreno files the First Amended Complaint.

**IT IS HEREBY RECOMMENDED** that Moreno's motion to amend (Doc. 54) be **GRANTED in part** as outlined in this PFRD.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections

9

with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE